UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X

MARIA V. MARTINEZ,

                  Plaintiff,

        - against -

RZB FINANCE LLC,

               Defendant.

------------------------------------------------ X

**OPINION AND ORDER**

**10 Civ. 4214 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.     INTRODUCTION

Maria Martinez brings suit against RZB Finance LLC ("Defendant") alleging race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"),[2] age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"),[3] and age, race, national origin, and disability

---

[1]    *See* 42 U.S.C. § 2000e *et seq.*

[2]    *See id.* § 12112 *et seq.*

[3]    *See* 29 U.S.C. § 621 *et seq.*

discrimination and retaliation in violation of the Connecticut Fair Employment

Practices Act ("CFEPA").[4]  Defendant moves to dismiss the discrimination claims

brought under the ADEA, Title VII, ADA, and CFEPA.  For the reasons set forth

below, Defendant's motion is granted in part and denied in part.

## II.   BACKGROUND

Martinez is a 48-year old Latina female.[5]  Prior to her termination in

April 2009, Martinez had worked for Defendant for over ten years in several

accounting positions, the last as Chief Accountant.[6]  After returning from a one-

month medical leave in March 2008, Defendant transferred Martinez without

explanation from her position as Chief Accountant "to a position without a title in

a newly formed department with no other employees, no employees reporting to

plaintiff, with fewer, demeaning and inferior responsibilities and no responsibilities

related to her previous position as Chief Accountant."[7]  Additionally, the office

associated with her new position was located in the basement.[8]  Brian Rekos, "a

---

[4]     *See* Conn. Gen. Stat. § 46a-60.

[5]     *See* Complaint ("Compl.") ¶ 8.

[6]     *See id.* ¶¶ 9, 11, 12.

[7]     *Id.* ¶¶ 13, 15.

[8]     *See id.* ¶ 14.  Martinez alleges that working in the basement
aggravated her disability and made her physically ill. *See id.*

younger, white, male employee in his early twenties without the requisite training, experience and education" replaced Martinez as Chief Accountant.[9]

Martinez alleges that throughout her tenure working for Defendant, other younger, non-Latino colleagues, including Rekos, earned more money and received more substantial benefits than she did.[10]  She also asserts that she made official complaints to her supervisors before her medical leave regarding other instances of age and race discrimination.[11]

Martinez filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on October 3, 2008, and an Affidavit of Illegal Discriminatory Practice with the State of Connecticut Commission on Human Rights and Opportunities ("CHRO") on January 5, 2009.[12]  Defendant terminated Martinez's employment in April 2009.[13]  The EEOC issued a right to sue letter to Martinez on February 26, 2010, and CHRO discharged her claim shortly

---

[9]      *Id.* ¶ 19, 31.  Prior to his promotion, Rekos had been subordinate to and trained by Martinez. *See id.* ¶ 19.

[10]      *See id.* ¶¶ 30-32.

[11]      *See id.* ¶¶ 17, 18.

[12]      *See id.* ¶ 6.

[13]      *See id.* ¶ 11.

3

thereafter.[14]

## III.   LEGAL STANDARD

### A.   Motion to Dismiss

The Supreme Court's landmark decisions in *Bell Atlantic Corp. v. Twombly*[15] and *Ashcroft v. Iqbal*[16] arguably shifted pleading standards from "simple notice pleading" to a "more heightened form of pleading,"[17] requiring that allegations in a complaint meet a standard of "plausibility" to survive a motion to dismiss.[18] A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] While plausibility "is not akin to a probability requirement," plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[20] Pleading facts that are "merely consistent

---

[14]    *See id.* ¶ 7.

[15]    550 U.S. 544 (2007).

[16]    — U.S. —, 129 S. Ct. 1937, 1955 (2009).

[17]    *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[18]    *Twombly*, 550 U.S. at 564.

[19]    *Iqbal*, 129 S. Ct. at 1949 (quotation omitted).

[20]    *Id.* (quotation marks omitted).

4

with a defendant's liability"[21] fails to "nudge[ ] [the plaintiff's] claims across the line from the conceivable to plausible."[22]  In reviewing a motion to dismiss, the court must "accept as true all of the factual allegations contained in the complaint"[23] and "draw all reasonable inferences in the plaintiff's favor."[24] However, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[25]

With respect to employment discrimination cases, in *Swierkiewicz v. Sorema N.A.*,[26] which preceded *Twombly* and *Iqbal*, the Supreme Court rejected a heightened factual pleading requirement.  Specifically, the Court held that an employment discrimination complaint need not allege specific facts establishing a

---

[21]     *Id.* (quotation marks omitted).

[22]     *Twombly*, 550 U.S. at 570.

[23]     *Id.* at 572.  *Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

[24]     *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[25]     *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation omitted).

[26]     534 U.S. 506 (2002).  "The *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers." *Williams v. New York City Housing Auth.*, 458 F.3d 67, 72 (2d Cir. 2006).

prima facie case of discrimination.[27]  Rather, "the ordinary [pre-*Twombly*] rules for assessing the sufficiency of a complaint apply."[28]

The *Twombly* court held that *Swierkiewicz* remains good law.[29] However, some courts and commentators have concluded that *Twombly* and *Iqbal* repudiated *Swierkiewicz*, at least to the extent that *Swierkiewicz* relied upon pre-*Twombly* pleading standards.[30]  Reconciling *Swierkiewicz*, *Twombly*, and *Iqbal*, a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, "the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim."[31]

### B.   Age Discrimination in Employment Act

---

[27]   *See id.* at 514.

[28]   *Id.* at 511.

[29]   *See Twombly*, 550 U.S. at 569-70 ("Plaintiffs say that our analysis runs counter to *Swierkiewicz* . . . . [H]owever, *Swierkiewicz* . . . simply re-emphasized . . . that . . . a heightened pleading standard for Title VII cases was contrary to the Federal Rule[s] . . . .  Here, in contrast, we do not require heightened fact pleadings of specifics . . . .") (quotation marks and citations omitted).

[30]   *See, e.g., Fowler*, 578 F.3d at 211 ("We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiwicz*, at least insofar as it concerns pleading requirements and relies on *Conley*.").

[31]   *Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673, 679 (S.D.N.Y. 2009).

"Claims under the ADEA are governed by the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green* . . . ."[32] Under this framework, a plaintiff must first establish a prima facie case of age discrimination.[33] "[I]f the plaintiff succeeds in establishing a prima facie case of age discrimination, then the burden shifts to the [employer] to articulate a non-discriminatory reason for the [adverse employment action]."[34] Finally, if the employer articulates a non-discriminatory reason for the challenged action, the burden shifts back to the plaintiff to demonstrate that the defendant's explanation was pretextual.[35]

To establish a prima facie case of age discrimination, a plaintiff must show: (1) she is a member of the protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances surrounding the adverse action give rise to an inference of age discrimination.[36] "A

---

[32] *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[33] *See id.* at 195.

[34] *Id.*

[35] *See id.*

[36] *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

plaintiff's burden of establishing a prima facie case is *de minimis*."[37]

C. **Title VII**

Title VII proscribes discrimination against or termination of an individual on the basis of "race, color, religion, sex, or national origin."[38]  To establish a prima facie case of discrimination, a plaintiff must show:  "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to the inference of discrimination" based on her membership in the protected class.[39]  "The last element may be established, for example, by showing that a similarly situated person not in the protected class was treated more favorably than the plaintiff."[40]

Like ADEA claims, courts analyze Title VII claims under the *McDonnell Douglas* burden shifting analysis.[41]

D. **Americans With Disabilities Act**

---

[37]     *Id.* at 467.

[38]     42 U.S.C. § 2000e-2.

[39]     *Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).

[40]     *Barbosa v. Continuum Health Partners, Inc.*, — F. Supp. 2d —, No. 09 Civ. 6572, 2010 WL 768888, at *4 (S.D.N.Y. Mar. 8, 2010).

[41]     *See McDonnell Douglas Corp.*, 411 U.S. at 802.

The ADA prohibits discrimination against a "qualified" individual on the basis of disability.[42] An individual is qualified if, with or without reasonable accommodation, she "can perform the essential functions of the employment position that such individual holds or desires."[43] The ADA defines disability as either "a physical or mental impairment that substantially limits one or more major life activities," "a record of such impairment," or "being regarded as having such an impairment."[44]

The ADA creates a private right of action for disability-based employment discrimination.[45] To establish a prima facie case of discrimination under the ADA, a plaintiff must show:  (1) her employer is subject to the ADA; (2) she has a disability within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of her disability.[46]

---

[42]     42 U.S.C. § 12112(a).

[43]     *Id.* § 12112(8).

[44]     *Id.* § 12102.

[45]     *See id.* § 12112(a).

[46]     *See Shannon v. New York City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003).

9

Courts analyze claims of ADA disability discrimination using the

*McDonnell Douglas* three-part burden shifting analysis.[47]

### E.    Connecticut Fair Employment Practices Act

CFEPA bars an employer from discriminating against an employee

because of her "race, color, religious creed, age, sex, marital status, national origin,

ancestry, present or past history of mental disability, mental retardation, learning

disability or physical disability" unless the factor in question is a bona fide

occupational qualification.[48]  Generally, Connecticut courts look to federal

precedent for guidance in interpreting CFEPA.[49]

Disability discrimination claims under CFEPA are the exception to the

federal precedent rule.  CFEPA defines "physically disabled" as "any individual

who has any chronic physical handicap, infirmity or impairment, whether

congenital or resulting from bodily injury, organic processes or changes or from

illness."[50]  Thus, the CFEPA definition of disability, not requiring proof of a

---

[47]    *See Regional Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48-49 (2d Cir. 2002).

[48]    Conn. Gen. Stat. § 46a-60.

[49]    *See Colby v. Pye & Hogan, LLC*, 602 F. Supp. 2d 365, 370 n.4 (D. Conn. 2009); *Levy v. Commissioner on Human Rights & Opportunities*, 671 A.2d 349, 355 (Conn. 1996).

[50]    Conn. Gen. Stat. § 46a-51(15).

substantially limited major life activity, is broader than the ADA definition.[51]

Further, while the ADA embraces claims of "being regarded as having a

disability," CFEPA does not provide such a cause of action.[52]

## IV.   DISCUSSION

### A.   ADEA Discrimination

Defendant seeks to dismiss Martinez's ADEA discrimination claim

for failure to state an adverse employment action or to allege a connection between

her age and such an adverse action.[53]

To be adverse, the action must effect a change in Martinez's

employment conditions that is "'more disruptive than a mere inconvenience or an

alteration of job responsibilities.'"[54]  For example, "'[a] materially adverse change

might be indicated by a termination of employment, a demotion evidenced by a

decrease in wage or salary, a less distinguished title, a material loss of benefits,

---

[51]     *See Beason v. United Techs. Corp.*, 337 F.3d 271, 278-79 (2d Cir. 2003).

[52]     *See id.* at 279-80.

[53]     *See* Defendant's Memorandum of Law in Support of Motion to Dismiss the First, Third, Fifth, and Seventh Claims for Relief ("Def. Mem.") at 8-10.

[54]     *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)).

11

significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'"[55] Martinez's complaint alleges a transfer to a new position, located in the basement, with a less distinguished title and significantly fewer substantive responsibilities.[56] As Martinez's termination also qualifies as an adverse employment action,[57] her complaint alleges two materially adverse changes in employment status.

The circumstances of Martinez's demotion give rise to an inference of age discrimination. "Generally, a plaintiff's replacement by a significantly younger person is evidence of age discrimination."[58] Martinez, in her late forties at the time, alleges that an employee in "his early twenties" replaced her as Chief Accountant following her demotion, earning greater compensation for the position than she had received.[59] Martinez thus presents circumstances giving rise to an

---

[55]    *Id.* (quoting *Crady*, 993 F.3d at 136).

[56]    *See* Compl. ¶¶ 13-15.

[57]    *See Galabya*, 202 F.3d at 640 (quoting *Crady*, 993 F.3d at 136).

[58]    *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000) (finding an inference of discrimination when a plaintiff's job duties were transferred to employees between eighteen and twenty-five years his junior). *Accord D'Cunha*, 479 F.3d at 195 (finding age discrimination where the age difference was eight years).

[59]    *See* Compl. ¶¶ 19, 31. Martinez pleads allegations concerning Rekos "upon information and belief." *Id.* Pleading in such a manner is appropriate for facts, such as hiring practices and salary figures, "particularly within [Defendant's]

12

inference of age discrimination.  Defendant's motion to dismiss is denied with respect to the ADEA discrimination claim.

**B.    Title VII Discrimination**

Defendant seeks to dismiss Martinez's Title VII discrimination claim for failure to state an adverse employment action or to allege a connection between her race or national origin and the adverse action.[60]  As discussed above, Martinez's demotion and termination both qualify as materially adverse changes in employment.

The circumstances of Martinez's demotion suggest race and national origin discrimination.  There is no rigid rule about what circumstances give rise to an inference of discrimination.[61]  For example, it may be established by showing that "a similarly situated person not in the protected class was treated more favorably than the plaintiff."[62]  Martinez alleges that a higher-paid white male replaced her as Chief Accountant following her unexplained demotion.  Martinez

---

knowledge and control." *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008).

[60]    *See* Def. Mem. at 8-10.

[61]    *See Kamrowski v. Morrison Mgmt. Specialist*, No. 05 Civ. 9234, 2010 WL 3932354, at *13 (S.D.N.Y. Sept. 29, 2010).

[62]    *See Barbosa*, — F. Supp. 2d —, 2010 WL 768888, at *4.

13

thus describes a facially plausible claim.[63]  Defendant's motion to dismiss is denied with respect to the Title VII discrimination claim.

## C.    ADA Discrimination

Defendant seeks to dismiss Martinez's ADA discrimination claim for failure to allege a disability or to explain how Defendant perceived her to be disabled.[64]  Martinez's complaint contains no description of her alleged disability. The only references are to a medical "disability" or "condition."[65]  The most specific allegation is that her disability "includes a severe allergy to mold."[66]

To withstand a motion to dismiss, Martinez must assert a facially

---

[63]    *See Fowler*, 677 F. Supp. 2d at 279. *See also Swierkiewicz*, 534 U.S. at 514 ("[The plaintiff's] complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination. These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest.").

[64]    *See* Def. Mem. at 12-15.

[65]    *See, e.g.*, Compl. ¶ 13 ("[U]pon returning from a one month leave due to a medical disability . . . ."); *id.* ¶ 14 ("RZB knew of plaintiff's medical disability which required her to take leave, and perceived and regarded her as disabled."); *id.* ("When plaintiff returned to work from her medical leave . . . her supervisor . . . told [her] that she no longer held the position that she had before going on disability."); *id.* ¶ 16 ("The environment in the basement where plaintiff was required to work upon her demotion aggravated her medical condition . . . .").

[66]    *Id.* ¶ 16.

plausible claim that gives fair notice to Defendant of its basis.[67]  Vague

descriptions of an alleged medical condition fall short of the type of pleading a

plausible ADA claim requires.[68]  Thus, Martinez's ADA claim is dismissed for

failing to allege a disability.

### D.    CFEPA Discrimination

CFEPA looks to federal precedent to decide age, race, and national

origin discrimination claims.[69]  As Martinez's ADEA and Title VII discrimination

claims have not been dismissed, her CFEPA claims with respect to age, race, and

national origin discrimination may also proceed.

Regarding disability discrimination, Defendant argues that the CFEPA

claim should be dismissed because, unlike the ADA, the statute does not provide

an action for "regarded as disabled" claims.[70]  As Martinez only alleges that

Defendant perceived her to be disabled,[71] her CFEPA claim for disability

discrimination is dismissed.

---

[67]     *Fowler*, 677 F. Supp. 2d at 679.

[68]     *See Padilla v. New York State Dep't of Labor*, No. 09 Civ. 5291, 2010 WL 3835182, at *4 (S.D.N.Y. Sept. 13, 2010).

[69]     *See Colby*, 602 F. Supp. 2d at 370 n.4; *Levy*, 671 A.2d at 355.

[70]     *See* Def. Mem. at 16.

[71]     *See* Compl. ¶ 17.

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted with respect to the ADA and CFEPA disability discrimination claims and denied with respect to the ADEA, Title VII, and CFEPA age, race, and national origin discrimination claims. The Clerk of the Court is directed to close this motion (docket # 11). A conference is scheduled for 4:30 p.m. on November 15, 2010.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            November 5, 2010

16

## - Appearances -

**For Plaintiff:**

Christine A. Rodriguez, Esq.
Law Office of Christine A. Rodriguez
225 Broadway, Suite 2900
New York, New York 10007
(212) 430-6525

**For Defendant:**

James J. Maloney, Esq.
Kavanagh Maloney & Osnato LLP
415 Madison Avenue
New York, New York 10017
(212) 207-8400

17